# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RIVERA-VAZQUEZ, Reg. No. 37781-298,<br><br>Plaintiff,<br><br>vs.<br><br>UNKNOWN UNITED STATES CUSTOMS & BORDER PATROL AGENTS,<br><br>Defendants. | Civil No. 14cv2207 LAB (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(Doc. No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

Diego Rivera-Vazquez ("Plaintiff"), currently incarcerated at the Federal Correctional Institution ("FCI") in Mendota, California, and proceeding with the assistance of counsel, has filed a complaint ("Compl.") pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.C. 388 (1971) (Doc. No. 1).

Plaintiff alleges his Fifth and Eighth Amendment rights were violated on March 20, 2104, by unidentified United States Customs and Border Patrol agents who arrested him at the Otay Mesa port of entry, placed him in a security detention cell, and "violently

assaulted" him with "kicks and fists to his groin" so severe as to require hospitalization and the amputation of one of his testicles. *See* Compl. ¶¶ 6-7. He seeks $250,000 in damages and costs. *Id.* ¶ 11.

Neither Plaintiff nor his counsel have prepaid the $400 statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a); instead, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I. PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

*See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted a certified certificate of his inmate trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's certificate, issued by a case manager at FCI Mendota where he is currently incarcerated, which shows an average monthly balance of $22.35, average monthly deposits of $98.59, and an available balance in his account of $.56 at the time it was submitted to the Court for filing.  Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $19.72 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Warden of FCI Mendota, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The remaining balance of the $350 total owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by

those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). On the other hand, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff alleges Defendants, "[u]nknown United States Customs Agents," violated his rights to due process and equal protection under the Fifth Amendment, and the Eighth Amendment's proscription of cruel and unusual punishment, when they assaulted him "violent[ly]" and without provocation "after his detention" by "kicking and striking [him] in the groin area." *See* Compl. at 3 ¶¶ 9, 10.

A *Bivens* claim is the "federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675-76 (2009) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). In *Bivens*, the Supreme Court recognized an implied private right of action for damages existed against federal officials alleged to have conducted an unreasonable search and seizure in violation of the Fourth Amendment. 403 U.S. 388, 397. The Court has further recognized a *Bivens* action may serve to redress a violation of the equal protection component of the Fifth Amendment's Due Process Clause. *See Iqbal,* 556 U.S. at 675 (citing *Davis v. Passman*, 442 U.S. 228 (1979).

Here, while Plaintiff grounds his claims of unreasonable force in both the Fifth and the Eighth Amendments, *see* Compl. at 3 ¶¶ 9, 10, it is the Fourth Amendment that governs the reasonableness of government searches and seizures. *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, [and] not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994), *quoting Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). The Fourth Amendment "provides an explicit textual source of constitutional protection against . . . physically intrusive government conduct," including allegations excessive force during a search or seizure. *Graham*, 490 U.S. at 395.

Therefore, because Plaintiff alleges Defendants violated his rights during his detention at the U.S. port of entry in Otay-Mesa, and not *after* he was convicted or sentenced, his unreasonable force claims do not sound in either the Eighth Amendment or in any "generalized notion of 'substantive due process'" under the Fifth Amendment. *Albright*, 510 U.S. at 273; *see also Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (Eighth Amendment's Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes," and consequently the Clause applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

And while Plaintiff also invokes his Fifth Amendment right to "equal protection" in relation to Defendants' "violent and unprovoked assault," *see* Compl. at 3 ¶ 9, he offers no further "factual content that [might] allow[] the court to draw the reasonable inference" to support a plausible claim that Defendants deprived him equal protection under the law. *See Iqbal*, 556 U.S. at 678. "The Equal Protection Clause ensures that 'all persons similarly situated should be treated alike.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)); *Abboud v. INS*, 140 F.3d 843, 848 (9th Cir. 1998) ("[T]he Fifth Amendment . . . requires the government to treat similarly situated individuals similarly."). To state a claim, Plaintiff must allege facts plausibly showing that "'the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class.'" *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)). Because his pleading includes no further "factual enhancement" which might support a plausible claim of differential treatment or any intent to discriminate, Plaintiff's mere reference to equal protection amounts only to an "unadorned, the-defendant-unlawfully-harmed-me accusation," and he fails to state any Fifth Amendment claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

/ / /

Accordingly, the Court finds that Plaintiff's Complaint, as it is currently pleaded, must be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.  LEAVE TO AMEND

While Plaintiff's Complaint currently fails to state a due process, equal protection, or cruel and unusual punishments claim, it includes serious factual allegations that could potentially be re-alleged to support a Fourth Amendment violation. Therefore, the Court will provide Plaintiff an opportunity to amend in order to address these pleading deficiencies. *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (pursuant to FED.R.CIV.P. 15, leave to amend "shall be freely given when justice so requires.").[2]

### IV.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2) is **GRANTED**.

2. The Warden of FCI Mendota, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forward those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS

---

[2] Plaintiff is cautioned that in the event he chooses to amend, his Amended Complaint must identify the unknown U.S. Customs and Border Patrol Agents he seeks to sue before U.S. Marshal service may be ordered. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). When a plaintiff proceeds IFP, he may request that the U.S. Marshal be ordered to "issue and serve all process" on his behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3); however, it is in most instances impossible for the Marshal to perform those duties when the only parties named as defendants are unidentified. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish [the U.S. Marshal with] the information necessary to identify the defendant.").

1  SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED
2  TO THIS ACTION.
3         3.     The Clerk of the Court is directed to serve a copy of this Order on Warden,
4  FCI Mendota, Federal Correctional Institution, P.O. Box 39, Mendota, California, 93640.
5         **IT IS FURTHER ORDERED** that:
6         4.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state
7  a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is
8  **GRANTED** forty-five (45) days leave from the date this Order in which to file a
9  Amended Complaint which cures the deficiencies of pleading identified by this Order.
10 Plaintiff's Amended Complaint must be complete in itself without reference to his
11 original pleading.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner
12 & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes
13 the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All
14 causes of action alleged in an original complaint which are not alleged in an amended
15 complaint are waived.").

DATED: December 9, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge