UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diego Rivera-Vazquez, Reg. No. 37781-298,<br><br>Plaintiff,<br><br>v.<br><br>Unknown United States Customs & Border Patrol Agents,<br><br>Defendant. | Case No.:  14cv2207-LAB-BGS<br><br>**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD NEW PARTY** |

**I.   BACKGROUND**

On September 16, 2014, Diego Rivera-Vazquez ("Plaintiff"), a prisoner proceeding with the assistance of counsel, filed a complaint under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.C. 388 (1971).  On December 10, 2014, pursuant to certain provisions of the Prison Litigation Reform Act, the Court *sua sponte* dismissed Plaintiff's complaint.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff filed a First Amended Complaint on January 12, 2015 re-alleging the *Bivens* claims, and adding claims under the Federal Tort Claims Act ("FTCA") (28

U.S.C.A. 1346, 1671 *et seq.* (ECF No. 4.)  On January 18, 2016, Plaintiff filed an ex parte motion for leave to amend his complaint to add the United States as a party to his claims under the Federal Torts Claims Act.  (ECF No. 10.)

## II.  RELEVANT LAW

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.  *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (citing text); *Netbula, LLC v. Distinct Corp.*, 212 FRD 534, 549 (N.D. Cal. 2003) (citing text).  However, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  *Carrico v. City & County of San Francisco*, 656 F3d 1002, 1008 (9th Cir. 2011).

Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  The failure of an agency to make a final disposition of a claim within six months after it is filed is deemed a final denial of the claim.  *Id.*  In other words, an FTCA claim may not be brought until the plaintiff has exhausted all administrative remedies.  *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Courts strictly construe this requirement because "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts.  The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity."  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250–51 (9th Cir.2006).  "[Courts] have repeatedly held that the exhaustion requirement [of the FTCA] is jurisdictional in nature and must be interpreted strictly . . . Any such waiver must be strictly construed in favor of the United States."  *Id.*  The exhaustion requirement must be affirmatively alleged in the complaint.  *Klimas v. Dep't of Treasury*, 122 F. App'x 355, 356 (9th Cir. 2005) citing *Gillispie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

Where a plaintiff has prematurely initiated an FTCA claim before exhausting

administrative remedies, courts must dismiss the FTCA claim. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). A premature complaint cannot be cured by presenting an FTCA administrative claim to the agency after suit has been filed. *McNeil*, 508 U.S. at 110–13. Instead, plaintiffs must initiate a new action for the FTCA claim after exhaustion. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (amended complaint filed after exhaustion cannot cure a prematurely filed original complaint).

### III. ANALYSIS

Plaintiff's second amended complaint seeks to add the United States as a party to his claims under the FTCA, but does not allege that he satisfied the FTCA's exhaustion requirement. Because the exhaustion requirement is a jurisdictional prerequisite, any claims against the United States would be subject to dismissal. *Jerves*, 966 F.2d at 519. Therefore, because amending the complaint would be futile, the Court **RECOMMENDS** Plaintiff's ex parte motion to amend the pleading to add the United States as a party be **DENIED**.

### IV. CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1). For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's ex parte motion to amend the pleading to add the United States as a party be **DENIED**.

**IT IS ORDERED** that no later than **April 4, 2016** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 18, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those

///

///

objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: March 21, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge