# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RIVERA-VAZQUEZ,<br><br>                Plaintiff,<br>vs.<br><br>UNKNOWN U.S. CUSTOMS & BORDER PATROL AGENTS,<br><br>                Defendants. | CASE NO. 14cv2207-LAB (BGS)<br><br>**ORDER MODIFYING REPORT AND RECOMMENDATION, AND ADOPTING REPORT AND RECOMMENDATION AS MODIFIED;**<br><br>**ORDER DENYING *EX PARTE* MOTION FOR LEAVE TO AMEND** |

      Plaintiff Diego Rivera-Vazquez filed this action, raising claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He then filed an *ex parte* application for leave to amend, to add claims under the Federal Tort Claims Act (FTCA). By local rule, his motion was referred to Magistrate Judge Bernard Skomal for a report and recommendation.

      On March 21, 2016, Judge Skomal issued his report and recommendation (the "R&R"), recommending that leave to amend be denied, because the proposed amended complaint did not allege exhaustion of his administrative remedies. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (plaintiff bringing FTCA action must allege exhaustion of remedies). Rivera-Vazquez objected to the R&R, admitting his proposed amended complaint did not allege exhaustion, but representing that he did exhaust his remedies and could properly allege that he did.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The R&R cites older precedents for the principle that, ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. (R&R at 2:5–8.) While this standard has been repeated in some newer cases in district courts within this circuit, *see, e.g., Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, at *6 (N.D. Cal., Apr. 18, 2011) (citing cases), it appears to be a holdover from the old, lenient pleading standard under *Conley v. Gibson*, 355 U.S. 41 (1957). After *Conley's* overruling by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it has become much easier for federal courts to determine when amendment would be futile. And when it is apparent that amendment would be futile, and amending would only result in needless delay and expense, a federal court should deny leave. *See* Fed. R. Civ. P. 1. In the Court's own experience, denying leave to amend for this reason is not unusual. The Court therefore disapproves of this legal standard and the R&R is deemed modified to omit it.

When he was preparing the R&R, Judge Skomal did not have the benefit of Rivera-Vazquez's representation that he had exhausted his FTCA claims. The R&R's recommendation is correct insofar as it recommends denying leave to amend the complaint to add FTCA claims where exhaustion is not alleged. But in light of Rivera-Vazquez's representations, it is clear he is now prepared to allege exhaustion. The R&R is therefore deemed modified to recommend allowing amendment subject to those conditions.

Because the R&R recommended denying leave to amend, it had no occasion to address the merits of the proposed FTCA claims. Rivera-Vazquez proposed adding a claim for assault and battery, a claim for excessive force, and a claim for negligence. The assault and battery claim is an intentional tort, and as such is specifically excluded from the FTCA's

sovereign immunity waiver. See 28 U.S.C. § 2680(h). The excessive force claim is somewhat more complex, because as Rivera-Vazquez proposes to plead it, it is a hybrid between assault and excessive force by law enforcement officers incident to arrest, which could be either intentional or negligent. To the extent it is an intentional tort, it is barred. But even if it is not barred, use of excessive force in violation of constitutional rights is not a tort that a private person can commit. As such, it cannot be brought under the FTCA. See *Reynosa v. Prater*, 2013 WL 5937223, at *4 (S.D.Cal., Nov. 4, 2013) (citing cases for the principle that an excessive force claim against law enforcement officers is improper under the FTCA).

The proposed negligence claim is not necessarily barred, but it is inadequately pled. In part it is merely a reiteration of the excessive force claim, but it mentions negligence as well. It identifies both direct liability for harm the officers caused, and employer liability on some kind of failure to train theory, but without specifying what the United States failed to do. It also, without explanation mentions failure to "timely cause the administration of life-saving aid to a person inside a burning car." (Prop'd Second Amd. Compl., ¶ 65.) But the pleadings do not refer to any kind of car fire, or injury from burning; the only alleged injury was from a beating.

Adding the assault and battery and excessive force claims would therefore be futile, and will be denied. Rivera-Vazquez may be able to amend to add a negligence claim, but he has not shown that he can successfully do so. Accordingly, his request is **DENIED WITHOUT PREJUDICE** as to the negligence claim.

With these modifications, the R&R is **ADOPTED**, and the *ex parte* motion for leave to amend (Docket no. 10) is **DENIED.** Rivera-Vazquez may not amend to add FTCA claims for assault and battery or excessive force. But if he thinks he can successfully add a claim

/ / /

/ / /

/ / /

/ / /

for negligence, he should file a renewed *ex parte* application by **May 18, 2016.** His renewed application must show that he can remedy all the defects this order has identified.

**IT IS SO ORDERED**.

DATED: May 2, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge